UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 15-23142-CIV-WILLIAMS

ABC BARTENDING SCHOOL OF MIAMI, INC., *et al.*

    Plaintiffs,

vs.

AMERICAN CHEMICALS & EQUIPMENT, INC.
d/b/a "GORILLA GLIDES", *et al.*,

    Defendants.
_____/

## ORDER GRANTING PRELIMINARY APPROVAL
## OF CLASS ACTION SETTLEMENT AGREEMENT

**THIS MATTER** is before the Court upon Plaintiffs, ABC Bartending School of Miami, Inc. and Bais Yaakov of Spring Valley's ("Plaintiffs") unopposed motion for preliminary approval of class action settlement agreement (the "motion). (DE 107). The Court having reviewed the motion, the record, and the Parties' Settlement Agreement (DE 107-1), it is **ORDERED AND ADJUDGED** that the motion (DE 107) is **GRANTED** as follows:

    1.    The Court finds, pursuant to Federal Rule of Civil Procedure 23(e), that the settlement of this Action pursuant to the terms of the Settlement Agreement appears to be fair, reasonable, adequate, and in the best interests of the Settlement Class, in light of the factual, legal, practical, and procedural considerations raised. Accordingly, the Court preliminarily approves the proposed Settlement Agreement, which is incorporated by reference into this Order (with capitalized terms taking the meanings set forth in the Settlement Agreement).

    2.    Pursuant to Federal Rule of Civil Procedure 23(b)(3), by stipulation of the

Parties, and for the purpose of settlement, the Court preliminarily certifies the following Settlement Class:

> All persons or legal entities in the United States who, during the Class Period, owned, used, subscribed to, or controlled any fax number(s) on the Facsimile List, and who received a facsimile advertisement from or on behalf of Defendants American Chemicals & Equipment, Inc., including its subsidiaries, affiliates, and d/b/a's and/or Steven K. Mote, including but not limited to facsimile advertisements promoting (1) "Gorilla Glides", "www.GorillaGlides.com", and offering "Gorilla Glides" floor protection products, and/or (2) "StockUp.com", and offering office supply products.

3. The Court preliminarily finds that certification for purposes of settlement is proper because (a) the Settlement Class is so numerous that joinder of all members is impractical; (b) there are questions of law and fact common to the Settlement Class, which predominate over any questions affecting only individual members; (c) Plaintiffs' claims are typical of the claims of the Settlement Class; (d) Plaintiffs and their attorneys will fairly an adequately protect the interests of the Settlement Class; and (e) a class action is the superior means of resolving this Action.

4. The Court preliminarily appoints Plaintiffs as the representatives of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(a), and preliminarily appoints Plaintiffs' attorneys—Wallen Hernandez Lee Martinez, LLP; Bellin & Associates LLC; and Schlam Stone & Dolan LLP—as Class Counsel pursuant to Federal Rule of Civil Procedure 23(g).

5. By this Order, the Court hereby approves the appointment of Tilghman & Co., P.C. and Heffler Claims Group to serve jointly as the Settlement Administrator to administer the settlement, including by providing Class Notice, maintaining the Settlement Website, assisting Settlement Class Members in completing and

submitting Claim Forms, receiving such Claim Forms, and issuing Benefit Checks to Approved Claimants. Defendant American Chemicals & Equipment, Inc. has filed a notice of filing declaration (DE 108) noticing Defendants' compliance with the provisions of 28 U.S.C. § 1715(b).

6. The Court finds that the Settlement Agreement's plan for Class Notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Federal Rule of Civil Procedure 23(e)(1). That plan is approved and adopted, and the Court orders that Class Notice be provided as described below.

7. The Settlement Administrator shall first send Facsimile Notice to all the Settlement Class's fax numbers in the Facsimile List as soon as practicable, but in no event later than **January 6, 2017**. Where Facsimile Notice to a Settlement Class's fax number is not confirmed as successful after two transmission attempts, and an email address associated with the fax number is available from the Facsimile List, then the Settlement Administrator shall send Email Notice to each such email address. Where Facsimile Notice to a Settlement Class's fax number is not confirmed as successful after two transmission attempts, and Email Notice is not available from the Facsimile List or is returned as undeliverable, and where a mailing address associated with the fax number is available from the Facsimile List, then the Settlement Administrator shall send Mail Notice to such mailing address. Such Mail Notice shall be sent via a postcard. If the Settlement Administrator cannot fit all content of the Mail Notice in a postcard, the postcard will contain such information as the Parties shall agree. The Settlement Website shall also contain the Long Form Notice, in addition to the documents and information detailed in the Settlement Agreement. The Court finds and

3

orders that no other Class Notice is necessary.

8. The Court hereby sets the following deadlines and dates for the acts and events contemplated in the Settlement Agreement, and directs the Parties to incorporate those deadlines and dates in the Class Notice and the Settlement Website, as may be necessary:

| Act/Event | Deadline / Date |
| --- | --- |
| Claim/Opt-Out/Objection Deadlines | March 7, 2017 |
| Motion for entry of Final Approval Order and Judgment | March 23, 2017 |
| Fee and Cost Application | March 23, 2017 |
| Settlement Administrator's declaration regarding compliance with Class Notice | March 30, 2017 |
| Final Approval Hearing | April 6, 2017 |

9. In light of this Order, all pending motions (DE 54; DE 55; DE 71; DE 74; DE 88; DE 94) are **DENIED AS MOOT** with leave to renew. All proceedings in the Action are **STAYED**, except as may be necessary to implement the Settlement Agreement or comply with the terms of the Settlement Agreement. Pending determination of whether the Settlement Agreement should be granted final approval in accordance with the Final Approval Order and Judgment, the Parties in the Action shall not pursue any claims or defenses otherwise available to them, and no one in the Settlement Class, and no one acting or purporting to act directly or derivatively on behalf of anyone in the Settlement Class, or acting on a representative basis or in any

other capacity on behalf of anyone in the Settlement Class, will commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.

**DONE AND ORDERED** in chambers, in Miami, Florida, this 19th day of December, 2016.

KATHLEEN M. WILLIAMS,
UNITED STATES DISTRICT JUDGE